UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. SCr. 87-17 (21) |
| | ) | |
| MICHAEL ALLEN HOLLON | ) | |

SENTENCING MEMORANDUM

I.

Michael Allen Hollon is 29 years old. On January 19, 1988, the date scheduled for trial, Mr. Hollon tendered a plea of guilty to a charge of conspiracy to commit an offense against the United States. 18 U.S.C. § 371. In exchange for his guilty plea, the government agreed to dismiss three other charges and to make no specific sentencing recommendation. The court denied Mr. Hollon's subsequent motion to withdraw that guilty plea.

The charge against Mr. Hollon and the twenty-one other persons named in the 179-count second superceding indictment revolve about a conspiracy and scheme to defraud operating out of the Indiana State Prison in 1982 and 1983. Prison inmates would, through persons outside the prison, have small-denomination U.S. postal money orders purchased and smuggled into the prison, where the money orders would be altered to higher amounts. The inmates then would send the altered money orders to persons outside the prison, who would cash the money orders and send the proceeds to the inmates or others designated by the inmates.

Not all of the inmates' outside help were aware of the scheme. Inmates would enlist the aid of persons outside the prison by posing as pen pals, eventually coaxing the innocent outsider to negotiate money orders. The government estimates that the conspiracy caused losses to the public of nearly $72,000.00.

Mr. Hollon allowed inmates to use his photograph as part of their correspondence with the innocent outsiders. The government made no proffer that Mr. Hollon was deeply involved with the conspiracy. At the time of the entry of his plea, Mr. Hollon testified that other inmates told him that they wanted to use his photograph "to hustle homosexuals" and he gave them permission to do so. He sold his photographs for cigarettes. The government does not contend that Mr. Hollon profited in any significant way from his involvement.

Mr. Hollon faces imprisonment for not more than five years and/or a fine of not more than $10,000.00. 18 U.S.C. § 371.

## II.

Sentencing courts are to consider the crime's nature and circumstances; the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1); the need for the sentence imposed to reflect the crime's seriousness, to promote respect for the law, to provide fair punishment for the offense, to afford adequate deterrence to criminal conduct by others, to protect the public

2

from the defendant's future crimes, and to provide the defendant with needed correctional treatment in the most effective manner, 18 U.S.C. § 3553(a)(2). The court is also to consider the kinds of sentences available. 18 U.S.C. § 3553(a)(3).

A.

The record before the court discloses the following mitigating considerations:

1. <u>The crime's nature and circumstances</u>. On balance, this is a mitigating consideration. Although the charged conspiracy cost its many victims a great deal of money, Mr. Hollon was a minimal participant. The mitigation is tempered by recognition that he committed his crime while serving a prison sentence.

2. <u>The need for the sentence imposed to provide fair punishment for the offense</u>. Because of Mr. Hollon's minimal participation and lack of profit from the conspiracy, a lengthy sentence is unnecessary for purposes of punishment.

B.

The record before the court also discloses the following aggravating considerations:

1. <u>The defendant's history and characteristics</u>. Mr. Hollon has three prior felony convictions. In 1974, at age 16, he committed a theft and was waived to adult court, where he was placed on probation. At age 17 in 1975, apparently while on probation, Mr. Hollon

3

pleaded guilty in an adult court to entering to commit a felony, for which he was sentenced to imprisonment for an indeterminate term of one to five years. He was paroled in 1977; on August 1, 1977, he killed a woman. He was convicted of that offense in 1978 and sentenced to life imprisonment, a sentence he now serves.

   2. <u>The need for the sentence imposed to promote respect for the law</u>. The law must deal more firmly with crimes by inmates than with crimes by persons not already in custody.

   3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct by others</u>. Particularly with respect to inmates who, like Mr. Hollon, already face lengthy prison sentences, a short sentence may have no deterrent effect.

C.

The court deems the following considerations neutral, favoring neither a lengthy nor a lenient sentence:

   1. <u>The need for the sentence imposed to reflect the crime's seriousness</u>. A conspiracy among inmates to defraud citizens is a serious crime, but Mr. Hollon's participation was minimal.

   2. <u>The need for the sentence imposed to protect the public from the defendant's future crimes</u>. The length of the sentence imposed in this cause will have no such effect. A life sentence imposed by the state

4

courts did not prevent Mr. Hollon from participating in this crime; nothing suggests that even a maximum five-year federal sentence will have better success.

3. <u>The need for the sentence imposed to provide the defendant with needed correctional treatment in the most effective manner</u>. In light of the length of the sentence Mr. Hollon already faces, the court holds no illusion that his federal sentence will provide correctional treatment in an effective manner.

### III.

Based on the foregoing, the court concludes that Mr. Hollon's criminal history, the need to promote respect for the law and the need to deter others requires imposition of a sentence to be served consecutively to his present state sentence. Recognizing the limited extent of Mr. Hollon's participation in the conspiracy, however, the court further concludes that a sentence well short of the maximum is warranted.

Accordingly, it is adjudged that on Count 1, the defendant is hereby committed to the custody of the Attorney General of the United States or his authorized representative for imprisonment for a term of two (2) years, which shall run consecutively to the sentence of life imprisonment Mr. Hollon now serves in the State of Indiana.

SO ORDERED.

5

ENTERED: **March 3, 1988**

                        s/ Robert L. Miller, Jr.
                        Robert L. Miller, Jr., Judge
                        United States District Court

cc:  R. Cook
     C. Braje
     M. Hollon
     USM
     USPO

6